*E-FILED: September 10, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. PALIK,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGAN PALIK, a natural person and real party in interest; and HON. KENNETH J. MELKIAN, Judge of the El Dorado County Superior court in his individual capacity,<br><br>    Defendants. | Case No.  5:13-cv-03630 HRL<br><br>**ORDER VACATING MOTION HEARING AND DIRECTING PLAINTIFF TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |

On August 5, 2013, plaintiff Anthony J. Palik filed this action for alleged violation of his civil rights under 42 U.S.C. § 1983. The two named defendants are his estranged wife Megan Palik and a state court judge who issued a contempt order against plaintiff in the Paliks' ongoing dissolution proceedings. In sum, plaintiff claims that his child support payments were not properly calculated under California law and that he was unlawfully held in contempt for his failure to comply with an order setting out his support obligations.

Plaintiff now moves for a preliminary injunction precluding Megan Palik from taking any action to enforce the support order in the underlying state court proceedings. Having reviewed the record presented, however, this court vacates the September 17, 2013 preliminary injunction hearing and directs plaintiff to show cause re this court's subject matter jurisdiction as to the claims against Megan Palik.[1]

Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983. A private individual or entity, however, does not act under color of state law, an essential element of a §

---

[1] Megan Palik is the only defendant who currently is before the court.

1983 action. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals or entities. Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Here, plaintiff's complaint is based solely upon Megan Palik's alleged conduct as a litigant in the underlying divorce proceedings. The complaint contains no facts even suggesting that she could be considered a state actor. And, bare allegations unsupported by plausible facts do not suffice to state a claim for relief. Nor do the allegations of the complaint indicate that plaintiff could amend his complaint to state a § 1983 claim against her.

While the complaint also seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that act does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden v. Discover Bank, 559 U.S. 49, 129 S. Ct. 1262, 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'").

Although plaintiff's complaint also bases federal jurisdiction on the Supreme Court's decision in Turner v. Rodgers, 131 S. Ct. 2507, 180 L.Ed.2d 452 (2011), this court sees nothing in that decision supporting the notion that plaintiff properly may pursue a § 1983 claim against Megan Palik.

Accordingly, no later than **September 19, 2013**, plaintiff shall file a response to this order, explaining the basis for federal jurisdiction as to Megan Palik. Plaintiff's response shall not exceed five pages.

**SO ORDERED**.

Dated: September 10, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:13-cv-03630-HRL Notice has been electronically mailed to:

2  Fernando Fabela Chavez     ffchavez@pacbell.net, mavi52@aol.com

3  Thomas J. Ferrito     ferritolaw@mindspring.com