UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY J. PALIK.<br><br>Plaintiff,<br><br>v.<br><br>MEGAN PALIK, a natural person and real party in interest; and HON. KENNETH J. MELKIAN, Judge of the El Dorado County Superior Court in his individual capacity.<br><br>Defendants. | Case No. 13-cv-03630-HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Re Docket Nos. 5, 26] |

Plaintiff Anthony Palik (Mr. Palik) brings 42 U.S.C. § 1983 claims against his estranged wife and a state court judge who presided over their Dissolution of Marriage proceedings. Dkt. No. 1 (Complaint). For the reasons stated below, the undersigned recommends that the claims against Ms. Palik be dismissed for lack of subject matter jurisdiction.

Mr. Palik alleges that his wife violated his due process rights by bringing a contempt motion against him, that the judge also violated his rights by ordering pre-trial support without an appropriate calculation, and then holding Mr. Palik in contempt for failing to pay pre-trial support as ordered. Mr. Palik has two primary complaints: (1) the court did not use a "dissomaster" to calculate

1   the pre-trial support award and (2) there are no appeal procedures available to immediately
2   challenge the contempt finding.

3   After filing his complaint, Mr. Palik filed a Motion for Preliminary Injunction, Dkt. No. 5,
4   asking that Ms. Palik being enjoined from taking any further action to enforce the pre-trial support
5   order. The court reviewed the papers and ordered Mr. Palik to show cause whether this court had
6   subject matter jurisdiction over the claims asserted against Ms. Palik. Dkt. No. 25. The court's
7   primary concern was that § 1983 claims generally do not apply to private individuals. *Id.* at 1-2,
8   citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) and *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d
9   547, 550 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975).

10   Mr. Palik responded, asserting he stated a § 1983 claim under *Lugar v. Edmondson Oil Co,*
11   *Inc.*, 457 U.S. 922, 933 (1982). In *Lugar*, debtor Lugar brought a § 1983 claim against his creditor
12   Edmondson Oil Company alleging that Edmondson's *ex parte* attachment of his property deprived
13   him of property without due process of law. *Id.* Lugar's complaint alleged both misuse of Virginia's
14   attachment procedures and that the statutory procedure itself was unconstitutional. *Id.* at 926. The
15   Supreme Court held that "private use of [] challenged state procedures with the help of state
16   officials constitutes state action for purposes of the Fourteenth Amendment." *Id.* at 934. However,
17   the Supreme Court did not recognize a § 1983 cause of action for misuse of constitutional state
18   procedures. *Id.* at 940-41.

19   Mr. Palik's current complaint contains no allegations that California's pre-judgment support
20   procedures are unconstitutional. Therefore, he cannot rely on *Lugar* to infer that Ms. Palik actions
21   are attributable to the state and cannot establish subject matter jurisdiction. Recognizing this, Mr.
22   Palik asks for leave of court to amend his complaint to allege that California's pre-judgment support
23   procedures violate Due Process because "those statutes and rules are impermissibly vague and
24   overbroad." Resp. at 4. Ms. Palik states that she will oppose any amendment. Dkt. No. 38 at 5 (Joint
25   Case Mgmt. Statement).

26   First, the court notes that Mr. Palik's motion for leave to amend does not comply with the
27   Local Rules because he did not file a proposed amended complaint with his request. *See* Local Rule
28

10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.").

Second, while leave to amend should be liberally granted, it is not required where amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); Fed. R. Civ. Pro. 15(a). In this case, the court finds that allowing Mr. Palik to allege that the pre-trial support proceedings were unconstitutional would be futile.

Mr. Palik's primary argument that the pre-trial support order was faulty because it failed to attach a "dissomaster" calculation would be an as-applied due process challenge. *Lugar* does not countenance as-applied challenges under § 1983 because a misapplication or unlawful use of state procedures is not action "under color of state law." 457 U.S. at 940-41.

Mr. Palik's second argument that contempt proceedings violated due process because they could not be immediately appealed—a facial challenge to state procedures—cannot be attributed to Ms. Palik.[1] Ms. Palik may have initiated the contempt proceedings against Mr. Palik, but she had no control over the outcome of those proceedings and no participation in preventing him from appealing or in the denial of his various writ petitions. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[m]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."). Ms. Palik was not "jointly engaged with state officials in the prohibited action" of failing to provide a right to immediate appeal. *Lugar*, 457 U.S. at 941, *citing U.S. v. Prince*, 383 U.S. 787, 794 (1966); *see also MacFarlane v. Smith*, 947 F. Supp. 572 (D.N.H. 1996) *aff'd*, 129 F.3d 1252 (1st Cir. 1997) (dismissing husband's § 1983 claim against

---

[1] The court also seriously doubts the merit of this argument. Due process requires notice and an opportunity to be heard. *See Little v. Kern Cnty. Superior Court*, 294 F.3d 1075, 1080 (9th Cir. 2002) ("[T]he Supreme Court has held that due process requires that the contemnor be given 'reasonable ' notice of the specific charges and opportunity to be heard in his own behalf.") (quoting *Taylor v. Hayes*, 418 U.S. 448 at 500 n.9 (1974)). Mr. Palik received a two day trial on the contempt issue, at which he presented evidence and argument. Dkt. No. 1 at ¶ 24. It is difficult to imagine what additional procedures due process would require.

1  ex-wife for failure to allege joint action with the state; also dismissing § 1983 claim against state
2  court judge on judicial immunity grounds).

3  Finally, in Plaintiff's Supplemental Brief re: Order to Show Cause, Mr. Palik suggests that
4  California Civil Procedure Code § 1211 allows for "summary contempt" in violation of due process.
5  Dkt. No. 28. Mr. Palik has no basis for raising this claim because he was found in contempt after a
6  two-day hearing. Dkt. No. 1 at ¶ 24. There is no suggestion that Mr. Palik was held in contempt as a
7  result of allegedly invalid "summary contempt proceedings." Dkt. No. 28 at 2.

8  As explained above, the undersigned finds that Mr. Palik's current complaint does not state a
9  claim against Ms. Palik under § 1983. The court recommends denial of leave to amend to allege that
10  Ms. Palik's actions are attributable to unconstitutional state proceedings, because amendment would
11  be futile. Accordingly, the court recommends that Mr. Palik's claims against Ms. Palik be dismissed
12  for lack of subject matter jurisdiction and his Motion for a Preliminary Injunction be terminated.

13  At this point in the proceedings, both Mr. Palik and Ms. Palik have consented to this court's
14  jurisdiction. Dkt. Nos. 4, 22. It is unclear whether co-defendant Honorable Kenneth J. Melkian has
15  been properly served. Dkt. Nos. 14, 15 (Summons); Dkt. No. 38 (Joint Case Mgmt. Statement) at 7
16  (indicating the parties dispute whether Judge Melkian has been properly served). Regardless, Judge
17  Melkian has not appeared or consented to the undersigned's jurisdiction.  Mr. Palik has indicated
18  that if his claims against Ms. Palik are dismissed, he may pursue a default judgment against Judge
19  Melkian. Dkt. No. 38 at 7.[2]

20  Accordingly, this court ORDERS the Clerk of the Court to reassign this case to a District
21  Judge.  The undersigned further RECOMMENDS that the newly assigned judge deny the motion
22  for preliminary injunction, deny leave to amend, and dismiss the case against Ms. Palik.  Any party
23  may serve and file objections to this Report and Recommendation within fourteen days after being
24  served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

25  Dated: April 14, 2014

26  Howard R. Lloyd
United States Magistrate Judge

---

[2] Such a motion is likely to be futile. *See MacFarlane v. Smith*, 947 F. Supp. 572 (D.N.H. 1996) *aff'd*, 129 F.3d 1252 (1st Cir. 1997) (dismissing § 1983 claim against state court judge involving divorce proceedings on judicial immunity grounds).