UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY J. PALIK, <br><br> Plaintiff, <br> v. <br><br> MEGAN PALIK, a natural person and real party in interest; and HON. KENNETH J. MELKIAN, Judge of the El Dorado County Superior Court in his individual capacity, <br><br> Defendants. | Case No.: 13-CV-03630 <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE |

On May 29, 2014, the Court issued an Order to Show Cause why Plaintiff's claims against Defendant Judge Melikian should not be dismissed for failure to prosecute. ECF No. 52. On June 13, 2014, Plaintiff filed a timely response. ECF No. 53. However, Plaintiff's response is inadequate and non-responsive. For the reasons below, the Court dismisses Plaintiff's remaining claims for failure to prosecute.

Plaintiff filed his complaint on August 5, 2013, naming his ex-wife Megan Palik and Judge Melikian as Defendants. ECF No. 1. Mr. Palik claims that Defendants violated his constitutional rights because Mr. Palik was unlawfully held in contempt for failing to pay child support payments. On September 10, 2013, Magistrate Judge Lloyd issued an Order to Show Cause regarding subject matter jurisdiction over Plaintiff's claims against his ex-wife. ECF No. 25. After briefing, on April 15, 2014, Judge Lloyd issued a Report and Recommendation that all claims

1

1  against Ms. Palik be dismissed for lack of subject matter jurisdiction, and that Plaintiff's request to

2  amend his complaint be denied. ECF No. 40. Judge Lloyd also noted that it was "unclear"

3  whether Judge Melikian "has been properly served" and indicated that judicial immunity would

4  likely bar Plaintiff's claims against Judge Melikian. *Id.* at 4 & n.2. Judge Melikian has not

5  appeared.

6  On May 16, 2014, the Court adopted the Report and Recommendation in its entirety and

7  thus dismissed all claims against Ms. Palik. Thus, only the claims against Judge Melikian

8  remained. As to these remaining claims, the Court's May 16, 2014 Order compelling Plaintiff to

9  file by May 23, 2014 a response "explaining the status of service on Judge Melikian and why

10  Plaintiff's remaining claims are not precluded by judicial immunity." ECF No. 51 at 2. Plaintiff

11  failed to respond.

12  On May 29, 2014, the Court issued an Order to Show Cause. In the Order to Show Cause,

13  the Court noted that Plaintiff had failed to respond to the Court's May 16, 2014 Order compelling

14  Plaintiff to explain the status of service on Judge Melikian and explain why Plaintiff's remaining

15  claims are not precluded by judicial immunity. In his June 13, 2014 response, Plaintiff still has not

16  explained the status of service on Judge Melikian, saying only that Plaintiff "did not believe it was

17  prudent to request a default against the state court judge until . . . the state court judge and state

18  attorney general had been served with the amended complaint." ECF No. 53 at 2. However, the

19  Court's May 16, 2014 Order expressly denied Plaintiff's attempt to amend his complaint (ECF No.

20  51 at 2), and Plaintiff identifies no additional efforts to effect service. Moreover, Plaintiff's

21  response fails to adequately address the Court's inquiry regarding the effect of judicial immunity

22  on Plaintiff's remaining claims against Judge Melikian.

23  "A district court may sua sponte dismiss an action for failure to prosecute." *McKeever v.*

24  *Block*, 932 F.2d 795, 797 (9th Cir. 1991). An involuntary dismissal depends on the following

25  factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

26  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

27  disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v.*

28  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, consideration of the factors above warrants dismissal without prejudice of Plaintiff's claims. Over ten months have passed since Plaintiff filed suit, and he has not responded to the Court's requests for information about the status of service on Judge Melikian. Plaintiff's response also fails to adequately address the Court's inquiry regarding the effect of judicial immunity on Plaintiff's remaining claims against Judge Melikian. The public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to Judge Melikian favor dismissal. The Court has considered other possible sanctions, but concludes that Plaintiff's conduct warrants dismissal. Plaintiff has failed to comply with multiple requests from the Court. Furthermore, the Court notes that Plaintiff has been represented by counsel throughout this case and is himself a licensed attorney.

Accordingly, it is hereby ORDERED that Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute. The June 18, 2014 hearing on the Order to Show Cause is VACATED as moot. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: June 17, 2014

LUCY H. KOH
United States District Judge